UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID KATAYAMA,<br><br>                              Plaintiff,<br>      v.<br>KUNIHIKO HORITA, et al.,<br>                             Defendants. | Case No. 2:17-cv-03063-MMD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

       This matter is before the court on Plaintiff David Katayama's Application to Proceed *In Forma Pauperis* (ECF No. 1). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and LR IB 1-4 of the Local Rules of Practice.

**I.    IN FORMA PAUPERIS APPLICATION**

       Mr. Katayama is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed Complaint (ECF No. 1-1). Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying fees and costs if the person submits an IFP application on the court's form, which includes an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by

1

1  the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,
2  malicious, or repetitive lawsuits") (citation omitted).

3  Having reviewed his complaint, the court will recommend denial of Katayama's IFP
4  application because the court lacks personal jurisdiction or venue over his claims. A "district court
5  may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
6  complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113,
7  1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir.
8  1987)). Consistent with this principle, a district court may properly deny an IFP application where
9  the movant has not carried his burden of establishing standing and jurisdiction. *See Minetti*, 152
10 F.3d at 1115.

11 **II.    SCREENING THE PROPOSED COMPLAINT**

12 Federal courts must screen any IFP complaint or amended complaint before allowing the
13 case to move forward, issuing summons, and requiring an answer or responsive pleading. *See*
14 *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma
15 pauperis complaints"). If an IFP complaint states a plausible claim for relief, the court will direct
16 Clerk's Office to issue summons to the defendant(s) and instruct the plaintiff to serve the summons
17 and complaint within 90 days of the screening order authorizing service of process. *See* Fed. R.
18 Civ. P. 4(m). If the court finds that the complaint fails to state an actionable claim, the complaint
19 is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the
20 pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot
21 be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations
22 in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.
23 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more
24 favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.
25 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v.*
26 *Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

27 **A. Mr. Katayama's Factual Allegations and Claims for Relief**

28 The proposed Complaint (ECF No. 1-1) alleges that Mr. Katayama is a resident of Nevada

and defendants are each individuals or business entities residing or located in Yokohama, Japan. Katayama names as defendants (i) Hills Acclaim Mitsu-Ike Kouen, a condominium located in Japan ("Condo"); (ii) Nice Community Management Corporation, a foreign property management company that manages the Condo and conducts business in Japan ("Management Company"); (iii) Kunihiko Horita, a former president of the Condo's board of managers; and (iv) Tadashi Hara, the current president of the Condo's board of managers. Compl. at 2, ¶¶ 2–5. Katayama claims this court has subject matter jurisdiction based on diversity of citizenship. *Id.* ¶ 7. Venue is allegedly proper in Nevada

> under 28 U.S.C. § 1391(c)(2) because "an entity with capacity to sue ...... , if plaintiff, only in judicial district in which it maintains its principal place of business.", and under 28 U.S.C. § 1391 (c)(3), "a defendant not resident in the U.S. may be sued in any judicial district."

*Id.* ¶ 8. He is a resident of Nevada and "Defendant individuals are not resident in the U.S., and Defendant corporation operates business outside of the U.S." *Id.*

Mr. Katayama claims defendants published defamatory, "unprecedented and extraordinary statements" in a letter to a third-party on or about December 18, 2015 meeting. *Id.* at 3, ¶ 10. Katayama further alleges that defendants published the defamatory letter days after the Condo's attorney received a complaint about a defective fire-escape ladder in Katayama's unit. *Id.* ¶ 13. The Complaint identifies causes of action for (1) injurious falsehood/libel, (2) intentional infliction of emotional distress, (3) reckless endangerment, and (4) injunctive relief. *Id.* at 3–5. Katayama seeks an award of monetary and punitive damages as well as interest, costs and fees, and injunctive relief to enjoin defendants from continuing to publish and/or slander him with false and defamatory statements. *Id.* at 5.

**B. Legal Standard**

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). The plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim

3

upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable, as well as claims based on fanciful factual allegations. *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C. Analysis**

For the reasons explained below, the court finds that the proposed Complaint fails to establish the court has personal jurisdiction over the defendants or that the District of Nevada is the proper venue for plaintiff's claims. The court therefore recommends dismissal.

1. Jurisdictional Defects

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

A court's jurisdiction to resolve a case on its merits requires a showing of both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).[1] Personal jurisdiction gives a court jurisdiction over the *person(s)* or *entity(ies)* against whom the

---

[1] Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the Complaint alleges the parties have diverse citizenship and damages are over $75,000. Compl. at 2, ¶ 7.

4

case is brought. Personal jurisdiction is based on principles of individual liberty and it represents a restriction on judicial power. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). "Due process requires that to exercise jurisdiction over a non-resident defendant, the defendant 'have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice'." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. General or "all purpose" jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*, domicile)." *Walden*, 134 S. Ct. at 1121 n.6. A finding of general jurisdiction allows a defendant to be haled into court in the forum state to defend any of its activities anywhere in the world. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Specific or "case-linked" jurisdiction "depends on an 'affiliation between the forum and the underlying controversy' (*i.e.*, an 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation')." *Walden*, 134 S. Ct. at 1121 n.6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal bracketing omitted)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121. In contrast to general jurisdiction, specific jurisdiction is confined to adjudicating "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919.

The proposed Complaint fails to allege, much less demonstrate, that defendants are subject to personal jurisdiction in Nevada or any other state or federal district in the United States. Katayama states that at all relevant times the individual and corporate defendants are residents of and/or conduct business in Yokohama, Japan. Compl. at 2. Hills Acclaim Mitsu-Ike Kouen is a

condominium in Yokohama, Japan. *Id*. The conduct about which Katayama complains all occurred in Yokohama, Japan. *Id.* at 2–4. The Complaint alleges no facts to suggest that defendants' conduct and connections with Nevada are such that they would anticipate being sued in Nevada. Thus, Katayama has not established that this court has personal jurisdiction over defendants. Given the nature of the alleged misconduct, the location of the underlying events, and the defendants' residence and business conduct in Japan, the court finds that assertion of personal jurisdiction over the defendants lacks an arguable basis in law and fact. *See Neitzke*, 490 U.S. at 325–28; *McKeever*, 932 F.2d at 798.

## 2. Lack of Venue

The federal venue statute requires that a civil action be brought in:

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, *any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action*.

28 U.S.C. § 1391(b) (emphasis added). As a defendant, an "entity" is deemed to reside "in any judicial district in which such defendant is *subject to the court's personal jurisdiction* with respect to the civil action in question." *Id.* § 1391(c)(2) (emphasis added). A non-United States resident "may be sued in any judicial district," *Id.* § 1391(c)(3); however, courts have uniformly held that § 1391 does not create personal jurisdiction in federal district courts. *See, e.g.*, *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451 n.11 (5th Cir. 1971) (§ 1391 "has nothing whatever to do with acquiring personal jurisdiction"); *Day v. Corn%22er Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 160–61 (D.D.C. 2011) (collecting cases); *Weinstein v. Norman M. Morris Corp.*, 432 F. Supp. 337, 339 (E.D. Mich. 1977). Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district.

The court finds that venue is not proper in the District of Nevada. Mr. Katayama alleges that: (1) he is a resident of Nevada; (2) defendants either reside or conduct business in Yokohama, Japan; (3) the events giving rise to his claim occurred in Yokohama, Japan; (4) Katayama's real

6

property (*i.e.*, his condo unit) is located in Yokohama, Japan. No defendant resides within this district. No part of the events giving rise to Katayama's claims occurred in Nevada. And no defendant is subject to personal jurisdiction in this court. The case law demonstrates that § 1391(c)(3) does not create personal jurisdiction over the individual defendants. In short, Nevada has no connection at all to the events or property giving rise to Katayama attempt to sue defendants, and all of the evidence and witnesses are likely in Japan. Thus, the District of Nevada is not the proper venue for his case.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff David Katayama's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. The Complaint (ECF No. 1-1) be **DISMISSED** without prejudice.
3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 20th day of February, 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

# NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district

1  court's acceptance of this Report of Findings and Recommendation without further review. *United*
2  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely
3  objections to any factual determinations by a magistrate judge may be considered a waiver of a
4  party's right to appellate review of the findings of fact in an order or judgment entered pursuant to
5  the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.
6  72.