UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID KATAYAMA,

Plaintiff,

v.

KUNIHIKO HORITA, *et al.*,

Defendants.

Case No. 2:17-cv-03063-MMD-PAL

ORDER

The Court adopted the Report and Recommendation of United States Magistrate Judge Peggy A. Leen (ECF No. 3) ("R&R") to deny Plaintiff's application to proceed *in forma pauperis* ("Application") and to dismiss the Complaint without prejudice because the Court lacks personal jurisdiction over Defendants and venue is improper in the District of Nevada. (ECF No. 4.) The Court noted that Plaintiff had not filed an objection to the R&R by the deadline of March 6, 2019, when the Court issued its dismissal order on March 8, 2019 ("Dismissal Order"). (*Id.* at 1.) Before the Court is Plaintiff's motion for reconsideration ("Motion"). (ECF No. 5.) For the following reasons, Plaintiff's Motion is denied.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

*Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Plaintiff essentially argues that the Court's decision is manifestly unjust because he had not been given adequate time to file an objection to the R&R. In his Motion, Plaintiff recapped his persistent efforts to contact the Clerk of Court's office to inquire as to the status of his Application, filed on September 14, 2017. (ECF No. 5 at 1-4; ECF No. 1.) Plaintiff alleges that each time he was told "You would have ample time to reply, the standard of 30 days!"[1] (ECF No. 5 at 1.) Plaintiff contends he proceeded on the assumption that he would have 30 days to file an objection when the R&R was issued, but when he retrieved his mail on March 27, 2019, he was surprised to receive a copy of the Dismissal Order issued on March 8, 2019. (*Id.* at 2.)

First and foremost, the delay in addressing Plaintiff's Application is unfortunate but is due to the Court's caseload. Moreover, the Court reviewed Judge Leen's R&R *de novo* even though Plaintiff did not file an objection.[2] Thus, the absence of Plaintiff's objection did not affect the Court's decision.

Finally, turning to the merits, Plaintiff argues that Judge Leen disregarded the allegations that the alleged defamatory conduct violated the civil rights of a U.S. citizen residing in Las Vegas, Nevada, and that one of the defendants—Kunihiko Horita—"was one of the corporate heads of a multinational corporate giant." (ECF No. 5 at 3.) The Court disagrees. Judge Leen correctly found that the allegations and claims in the

---

[1]Plaintiff explained that he needed to travel to Japan to take care of his elderly mother who is ill and living alone, but Plaintiff was afraid he would miss a decision of the Court. (ECF No. 5 at 1.)

[2]Plaintiff argues he should have been given three days for service by mail. Plaintiff is incorrect. LR IB 3-2(a) sets the deadline to file an objection as 14 days from service; and Fed. R. Civ. P. 5(b)(2)(C) provides in pertinent part that "service is complete upon mailing." In fact, the docket entry for the R&R specifically identified the deadline to object as March 6, 2019, which is 14 days from February 20, 2019. (ECF No. 3.)

| | |
|---|---|
| 1 | Complaint are based on alleged conduct—including alleged publication of statements |
| 2 | defaming Plaintiff and mistreatment of Plaintif's family member—involving management |
| 3 | of a condominium unit in Yokohama, Japan, against defendants who are residents and |
| 4 | citizens of Yokohama, Japan. (ECF No. 3 at 5-6; ECF No. 1-1.) For example, the |
| 5 | Compaint alleges that Kunihiko Horita "is and at all time relevant a resident of |
| 6 | Yokohama, Japan, and is a former president of the board of managers at Hills Acclaim |
| 7 | Mitsu-Ike Kouen, a condominium [in Yokohama, Japan.]" (ECF No. 1-1 at 2.) This Court |
| 8 | does not have personal jurisdiction over defendants who are citizens of Japan for |
| 9 | alleged conduct that occurred in Yokohama, Japan, even if, as Plaintiff claims, he |
| 10 | suffered harm in Las Vegas, Nevada. |
| 11 | In sum, the Court considered the R&R in light of the allegations in the Complaint |
| 12 | even though Plaintiff did not file a timely objection and agreed with the R&R. Plaintiff has |
| 13 | not offered a valid reason for the Court to reconsider its decision to deny the Application |
| 14 | and dismiss the Complaint. |
| 15 | It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 5) is |
| 16 | denied. |
| 17 | DATED THIS 4th day of April 2019. |

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE